# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| Plaintiff, | ) Case No. 1:05CR00007-004 |
| v. | ) **OPINION** |
| **RONALD LYNN HALL**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Ronald Lynn Hall, Pro Se Defendant.*

The defendant, Ronald Lynn Hall, is a federal inmate who submitted a letter construed and filed conditionally as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West 2006). Upon review of the record, I find that the action must be dismissed without prejudice.

Hall submitted a handwritten letter to the court on or about March 17, 2008, making various complaints about his trial counsel and the calculation of his criminal sentence. By order entered March 25, 2008, the court notified Hall that his claims had been conditionally filed as a § 2255 Motion, but that the court would adjudicate them as § 2255 claims only if Hall submitted to the court, within twenty days, a completed § 2255 form, signed under penalty of perjury and making a complete statement of his claims. The notice also informed Hall, pursuant to *Castro v. United*

*States*, 540 U.S. 375 (2003), that his claims appeared to be untimely filed under § 2255(f) and warned him about the ban on successive § 2255 motions in § 2255(h). Finally, the notice stated that Hall's claims would be dismissed without prejudice if he failed to comply.

Hall responded to the notice by submitting another letter. He did not submit a completed § 2255 form as directed. Instead, his letter states that Hall knows nothing about the law and has no money to hire an attorney or a "jail house lawyer" to help him. He goes on to assert that his Criminal History Category was incorrectly calculated using prior misdemeanor convictions and asks to have this error corrected and his sentence reduced accordingly. He asks the court to review the criminal history in the presentence report and to reduce his sentence or appoint counsel for him. At no point does he say that he wishes to pursue these claims under § 2255.

Reviewing Hall's submissions, in light of the court's conditional filing order, I construe Hall's response as his election not to pursue his claims under § 2255 at this time. First, he did not comply with the court's order that he complete and submit a § 2255 form, making a complete statement of his § 2255 claims under penalty of perjury. His second letter simply does not satisfy the condition set forth in the March 25, 2008.

Second, Hall states that he cannot pursue any court motion without assistance, because of his lack of knowledge of the law. These statements strongly suggest that he does not want to pursue a § 2255 action without help from an attorney.

Fianlly, even though the court specifically advised him that he would have to demonstrate why his claims were timely under § 2255(f), Hall fails to explain why he did not pursue these claims earlier. At the most, Hall vaguely asserts that counsel was supposed to file an appeal, but never did. Hall does not, however, provide information about when he asked counsel to appeal or when he discovered that counsel had not filed an appeal on his behalf. I take his failure to diligently investigate and present facts regarding timeliness as another indication that he does not want to pursue this § 2255 case.

Moreover, without some indication that the claims might be considered timely under § 2255(f), I cannot find that it is in the interest of justice to appoint counsel to assist Hall in pursuing these issues. *See* 18 U.S.C.A. § 3006A(a)(2)(B) (authorizing court appointment of counsel for indigent § 2255 litigants only upon the court's finding that the interests of justice so require).

For these reasons, I find that Hall has elected not to pursue the claims stated in his letters as a § 2255 Motion. Accordingly, I will dismiss the § 2255 motion without prejudice and deny petitioner's recent request for appointment of counsel.

-3-

Case 1:05-cr-00007-JPJ-PMS   Document 172   Filed 05/13/08   Page 3 of 4   Pageid#: 349

A separate Final Order will be entered herewith.

ENTER: May 13, 2008

/s/ JAMES P. JONES
Chief United States District Judge